J-S60016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CURTISS LEVELLE KENT, JR. | |
| Appellant | No. 40 MDA 2019 |

Appeal from the Judgment of Sentence entered December 27, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0001785-2016;
CP-22-CR-0000798-2018

BEFORE:  SHOGAN, STABILE, and PELLEGRINI,[*] JJ.

MEMORANDUM BY STABILE, J.:                  **FILED JANUARY 21, 2020**

Appellant, Curtiss Levelle Kent, Jr., appeals from the judgment of sentence entered on December 27, 2018 in the Court of Common Pleas of Dauphin County.  Appellant challenges the discretionary aspects of his sentence.  Upon review, we quash the appeal.

The factual and procedural background of the instant appeal is not at issue here.  As the trial court explained:

> At docket 1785 CR 2016, the Appellant was sentenced on October 4, 2016 with two counts of criminal use of a communication facility, two counts of possession with intent to deliver, and two counts of use of possession of drug paraphernalia.  At docket 798 CR 2018, the Appellant was sentenced on July 26, 2018 with two counts of terroristic threats.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Rule 1925(a) Opinion, 5/15/19, at 1-2 (footnotes and some capitalization omitted). On December 20, 2018, the trial court conducted a revocation hearing on both dockets, recognizing as well that Appellant was facing new charges in Northumberland County. Appellant's probation officers testified at the hearing, explaining to the court various mental health issues that led to Appellant being medically committed. Appellant also testified, explaining to the court that he stops taking his medications because of side effects. *Id.* at 2.

At the conclusion of the hearing, the trial court issued an order sentencing Appellant to serve one to two years in a state correctional institution with a mental health treatment program. *Id.* The order was entered on the docket on December 27, 2018 and Appellant filed a *pro se* notice of appeal the following day, listing both docket numbers.

Before we can entertain the merits of the instant appeal, we must address the fact that Appellant filed a single *pro se* notice of appeal identifying two different docket numbers. "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule341(a)[.]" ***Commonwealth v. Walker***, 185 A.3d 969, 976 (Pa. 2018). Relevant to cases subsequent to the publication of ***Walker*** (June 1, 2018), Rule 341(a) requires that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. Failure to do so results in quashal of the appeal. ***See id.*** at 977.

On February 1, 2019, we issued a rule to show cause why the instant appeal should not be quashed under *Walker*. Appellant did not file a response. The show cause order was discharged on February 15, 2019 and the matter was referred to this merits panel.

*Walker*'s mandate is clear. Because the December 27, 2018 sentencing order resolved issues arising from two dockets, Appellant was required to file two notices of appeal. Because Appellant failed to do so, we are constrained to quash the instant appeal.

Appeal quashed. Jurisdiction relinquished.

Judge Shogan joins the memorandum.

Judge Pellegrini concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2020